MOORE vs. CANDELL.

In an action between the maker and the assignee of a note, theconsideration given by the as-signee for the note is immaterial

## APPEAL from Platte Circuit Court.

LEONARD, *for Appellant.*

1. From the proof it is quite evident that upon the sale of the mule, Candell took the note and money in satisfaction of the price. Admitting that he was not bound to accept his own paper, yet if he did so, he is bound by the act, and cannot get the relief the justice and the court admin-istered to him in this case, take the note at its market value and thereby extinguish his liability for three times the amount; and compel Moore to pay him in money the balance of the price of the mule. The only difference between the judgment of the justice and that of the Circuit Court is, that the former only allowed Moore a credit for what the payee actually got for the note, six or seven dollars, while the Circuit Court allowed Moore a credit for about $10, the nominal price the payee sold the note for.

2. The evidence given and objected to was wholly irrelevant, no matter what the market value of the note was if the plaintiff accepted it in payment, he took it at its nominal value, and if it (the note) was considered as a set off, the defendant had a right to the same measure of value. The amount in controversy is very small; but the poor have the same right to demand that their cases shall be decided by the rules of law, that the rich have.

McBRIDE, J., *delivered the opinion of the Court.*

This was an action of assumpsit by Candell against Moore, instituted before a justice of the peace of Platte county, where the plaintiff on a trial before the justice, had a judgment for $26 75, and on a trial there before the Judge, had a judgment for $22 50, when Moore moved for a new trial, which the court refused, and he excepted and appealed to this Court.

From the evidence as preserved in the bill of exceptions it appears, that Candell, the plaintiff, sold Moore a mule for $40, and that Moore at the time of the purchase offered Candell six or seven dollars in money and Candell's own note for about $30, admitted by Candell to be just, and which had been regularly assigned to Moore. It appears that Candell took the money, and a witness who was present, thinks he also took the note, although he objected to doing so at the time. The plaintiff proved on the cross-examination of a witness, who was the defendant's immediate neighbor, that he gave an account for $10 for the note and transferred it

to the defendant for a note upon an insolvent. This testimony was objected to by the defendant, but received by the court.

The defendant by way of rebutting evidence produced the deposition of Bassett, the payee of Candell's note, who testified that he kept it for some time, and got nothing—heard Candell was worth nothing, and finally passed the note away, by assignment, without recourse, for about six dollars. This testimony was also objected to by the defendant, but received by the court.

The motion for a new trial assigns as reasons therefor, the error committed by the court in giving instructions and also in refusing instructions which ought to have been given, but the record contains no instructions. It is also assigned for error that the court permitted improper evidence to be given, and to this point we shall direct our attention.

The evidenee objected to, but received by the court, was introduced to prove the consideration which Bassett, the payee of the note, received for it from Gibson, and what consideration Gibson obtained for the note from the defendant. We are at a loss to discover what legal deductions are to be drawn from such evidence. If the note of Candell was just, as he conceded it to be, and the defendant was the legal holder by assignment, it is immaterial what he gave for the note. Suppose Bassett had saw proper to make a present of the note to the defendant, would that release the obligor from liability on the note?

No question can arise between these parties on that subject, for if liable at all, for any amount, the obligor is liable to the full amount of the note, and his liability can never be measured by the consideration which passed between assignor and assignee.

The principal question between these parties is, did Candell receive the note in part payment for the mule from Moore? If he received his own note, although not bound to do so, he cannot recover in this action, for he must account for the full amount of the note. And even if he did not receive it, yet, a suit to recover the balance of the price of the mule would be unavailing, inasmuch as Moore might, had he availed himself of his legal rights, plead the note as a set-off to so much of the price of the mule.

Whether the note was received by Candell or not, is a fact to be found by a jury.

Wherefore, the court having received evidence irrelevant and immaterial to the issue between the parties, the judgment will be reversed, and the cause remanded for further proceedings in that court.